# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2006-OC11, Mortgage Passthrough Certificates, Series 2006-OC11,

    Plaintiff

v.

4655 Gracemont Avenue Trust, et al.,

    Defendants

Case No. 2:17-cv-00063-JAD-PAL

**Order Granting Summary Judgment in Favor of the Defendants on the Bank's Claims**

[ECF Nos. 48, 52]

    This is one of the hundreds of equitable quiet-title actions in this district in which a bank seeks a declaration that the non-judicial foreclosure sale of a home did not extinguish the bank's deed of trust securing a mortgage on that home despite the Nevada Supreme Court's 2014 holding in *SFR Investments Pool 1 v. US Bank* that a properly conducted foreclosure sale to enforce a homeowners' association's superpriority lien extinguishes the first deed of trust.[1] This case pits the Bank of New York Mellon—on behalf of the purported beneficiary of the deed of trust—against the Blue Diamond Ranch Landscape Maintenance Association (the HOA) and foreclosure-sale purchaser 4655 Gracemont Avenue Trust, and both the Bank and the purchaser now move for summary judgment, asserting a host of arguments. One argument prevails over all others, however: the Bank's claims are time-barred because they were filed more than six months after the statutes of limitation on them expired. So I grant summary judgment in favor of the defendants on the Bank's claims, and I dismiss them as time-barred.

---

[1] *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

**Background**

Megan Ford purchased the home at 4655 Gracemont Avenue in Las Vegas, Nevada, in 2006,[2] with a mortgage from Sterns Lending that was secured by a deed of trust.[3] Stearns assigned the deed of trust to the Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2006-OC11 Mortgage Pass-through Certificates, Series 2006-OC11 in 2011.[4] The home is located in the Blue Diamond Ranch common-interest community[5] and subject to its constituent documents, which require the owners of units within this development to pay certain assessments.[6] When Ford fell behind on her assessments, the HOA commenced nonjudicial foreclosure proceedings on the home under Chapter 116 of the Nevada Revised Statutes.[7] The 4655 Gracemont Trust bought it at the foreclosure sale on June 12, 2012.[8] The trustee's deed of sale recorded the very next day.[9]

The Nevada Legislature gave homeowners' associations a superpriorty lien against residential property for certain delinquent assessments.[10] As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superiority lien, proper foreclosure of" that lien under the non-judicial foreclosure process

---

[2] ECF No. 48-2 (grant, bargain, sale deed).
[3] ECF No. 48-3 (deed of trust).
[4] ECF No. 48-4 (assignment).
[5] ECF No. 48-3 at 28 (planned-unit-development rider).
[6] ECF No. 48-1 (CC&Rs).
[7] ECF Nos. 48-5, 48-6.
[8] ECF No. 48-10 (trustee's deed upon sale).
[9] *Id*.
[10] Nev. Rev. Stat. § 116.3116; *SFR*, 334 P.3d at 409.

created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[11] The Purchaser contends that the HOA's foreclosure sale wiped out the Bank's deed of trust by operation of NRS Chapter 116.[12]

Four and a half years after the foreclosure sale, the Bank filed this action against the Purchaser and the HOA.[13] The Bank pleads five causes of action: two captioned as quiet-title claims, one entitled "Declaratory Relief," one entitled "Permanent and Preliminary Injunction," and a final unjust-enrichment claim against the purchaser alone.[14] The Purchaser pleads a single equitable-quiet-title counterclaim against the Bank.[15]

**Analysis**

The Bank and the Purchaser cross-move for summary judgment.[16] The first-filed summary-judgment motion belongs to the Bank. It seeks summary judgment in its favor based on several arguments including the commercial unreasonableness of the sale and the facial unconstitutionality of Nevada's HOA foreclosure scheme. The Purchaser opposes that motion and seeks summary judgment in defendants' favor, arguing that the Bank's claims are time-barred and, regardless, they fail as a matter of law. There is no dispute that this action was filed more than four years after the foreclosure sale. Because I find that the Bank's claims are time-barred as a matter of law, I grant the Purchaser's countermotion for summary judgment in part, deny the Bank's motion as moot, and do not reach the parties' remaining arguments. And

---

[11] *SFR*, 334 P.3d at 419.
[12] ECF No. 30.
[13] ECF No. 1.
[14] *Id*.
[15] ECF No. 8 at 23.
[16] ECF Nos. 48 (Bank's MSJ), 52 (Purchaser's countermotion).

3

because the parties made no effort to state whether or how their arguments apply to the Purchaser's counterclaim as opposed to the Bank's affirmative claims, I make no ruling on that counterclaim. Instead, I reopen the dispositive-motion deadline for the limited purpose of allowing the Bank and the Purchaser to address the Purchaser's lone remaining counterclaim.

**A.     Sorting the Bank's claims**

To evaluate claims, "we must look at the substance of the claims, not just the labels used."[17] The Bank's first and third causes of action are labeled "quiet title" and their general purpose is to challenge the impact of the foreclosure sale on the deed of trust. This requested equitable relief makes the Bank's claims the type of quiet-title claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—an action "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[18] The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[19] Contrary to the Purchaser's argument, these are not wrongful-foreclosure actions.

The Bank's second cause of action is labeled "declaratory relief," but it, too, is an equitable quiet-title claim. Like the first and third causes of action, this one seeks a determination that the HOA's foreclosure sale "did not extinguish the Deed of Trust, which continued as a valid encumbrance against the Property."[20] The Bank's fourth cause of action is

---

[17] *Nev. Power Co. v. Eighth Jud. Dist. Court of Nev. ex rel. County of Clark*, 102 P.3d 578, 586 (Nev. 2004).

[18] *Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp*, 366 P.3d 1105, 1110–11 (Nev. 2016).

[19] *Id*. at 1112.

[20] ECF No. 1 at 10.

4

captioned as a claim for "permanent and preliminary injunction."[21] But injunctive relief is not a claim; it's a remedy that rises and falls with the underlying claim it asserts. The claim that underlies this fourth cause of action is the same as its predecessors—an equitable quiet-title claim. The Bank's final claim is one for unjust enrichment. It seeks reimbursement for such things as the "taxes, insurance[,] or homeowner's association assessments" that the Bank has paid "since the time of the HOA Sale."[22] So, the Bank's first four claims are equitable quiet-title claims despite their labels,[23] and its fifth claim is a claim for unjust enrichment.

**B.  The Bank's quiet-title claims were time barred four years after the foreclosure sale.**

I first consider the timeliness of the bulk of the Bank's complaint: its quiet-title claims. The Bank makes the sweeping argument that "the Nevada Supreme Court, United States District Court, District of Nevada, and the Ninth Circuit Court of Appeals have all . . . determined that a quiet-title claim resulting from a homeowners association foreclosure sale is subject to a five-year statute of limitations."[24] This superficial treatment of the authority on this point is not accurate or persuasive. A meaningful review of the authority beneath those determinations reveals that the Bank's generalization is just unsupportable.

*1.  Nevada's five-year statutes apply to different types of quiet-title claims than the ones the Bank asserts here.*

There are two five-year statutes of limitation in Nevada that apply to some types of quiet-title claims. NRS 11.080 provides a five-year deadline for claims for "the recovery of real

---

[21] *Id*. at 12.
[22] *Id.* at 13.
[23] The Bank itself characterizes its claims as ones for quiet title. *See* ECF No. 60 at 21.
[24] ECF No. 60 at 22.

5

property, or for the recovery of the possession thereof other than mining claims . . . ."[25] But the Bank's claim is not an action for the recovery of property or possession of property. If the Bank wins, it gets only a declaration that its lien remains on the property. So NRS 11.080 has no application to the Bank's quiet-title claims.

Nevada's other five-year statute of limitations for some quiet-title claims is found in NRS 11.070. This statute applies to actions or defenses "founded upon the title to real property or to rents or to services out of the same."[26] The Bank's claims do not fall under NRS 11.070 either, because they are not founded upon title, rents, or services, but rather upon lien rights created by a deed of trust. And although the Bank's claims impact or may impact title, they themselves are not founded upon title as NRS 11.070 requires. So the Bank cannot reap the benefits of the liberal five-year limitation period in NRS 11.070 either.

### 2. *The cases that the Bank relies on lack meaningful analysis or are materially distinguishable.*

The Bank does not specify which five-year statute it believes its claims fall under. Instead, it cites a handful of cases to argue that the Nevada Supreme Court and other trial courts in this district have generally found that quiet-title claims in Nevada carry a five-year limitations period.[27] With limited exceptions that don't apply here, trial-court opinions are not binding on other trial judges within this district.[28] And I am not persuaded by the Bank's string-cite reference to other trial-court orders that largely contain no analysis of the language in NRS

---

[25] Nev. Rev. Stat. § 11.080.
[26] Nev. Rev. Stat. § 11.070.
[27] *See* ECF No. 20 at 4–5.
[28] L.R. IA 7-3(f) ("A decision by one judge in this district is not binding on any other district judge . . . and does not constitute the rule of law in this district.").

6

11.070 or 11.080 or how it relates to an equitable quiet-title claim brought by a deed-of-trust beneficiary like the Bank.[29]

Each of those trial-court opinions relies on the Nevada Supreme Court's holding in *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank*[30] or the Ninth Circuit's holdings in *Weeping Hollow Avenue Trust v. Spencer* or *Scott v. MERS*.[31] But none of those cases supports the notion that Nevada's five-year deadlines for quiet-title claims would apply to a lienholder like the Bank. It is true that in *Gray Eagle* the Nevada Supreme Court noted that Saticoy Bay's quiet-title claims would be governed by NRS 11.080's five-year limitations period. But Saticoy Bay was the foreclosure-sale purchaser seeking possession of the property as NRS 11.080 contemplates; it was not a mere lienholder like the Bank. The Ninth Circuit's unpublished disposition in *Scott v. MERS* is inapposite for the same reason. The Scotts were property owners who claimed "superior title to the subject property."[32]

The Ninth Circuit's dicta statement in *Weeping Hollow Avenue Trust v. Spencer* that "[u]nder Nevada law," the foreclosed-upon homeowner "could have brought claims challenging the HOA foreclosure sale within five years of the sale," and the panel's citation to NRS 11.070 (which governs title-founded claims) are similarly irrelevant to the Bank's challenge as a

---

[29] *See* ECF No. 60 at 21 (collecting cases). *But see, e.g.*, *Nationstar Mortg. LLC v. Safari Homeowners Ass'n*, No. 2:16-cv-02542-RFB-CWH, 2019 WL 121960, at *2 (D. Nev. Jan. 6, 2019) (concluding that "Plaintiff's equitable quiet title claim carries a four-year statute of limitations [under] the catch-all provision at NRS 11.220."); *Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018) (holding that the four-year catchall limitation period in NRS 11.220 applies to quiet-title claims by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust).

[30] *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank*, 388 P.3d 226 (Nev. 2017).

[31] *Scott v. Mortgage Elec. Reg. Sys.*, 2015 WL 657874 (9th Cir. Feb. 17, 2015).

[32] *Id*. at *1.

lienholder, not a titleholder. The Bank attempts to bulk up its authority for this argument by asserting that the Nevada Supreme Court stated in *Shadow Wood Homeowners Association v. New York Community Bancorp*[33] that "[u]nder Nevada law, the borrower could have brought claims challenging the HOA foreclosure sale within five years of the sale."[34] But that quote actually comes from *Weeping Hollow*,[35] not *Shadow Wood*, and *Shadow Wood* contains no discussion of statutes of limitation. So the Bank has not persuaded me that any of Nevada's quiet-title statutes of limitation apply to its claims.

### 3. *The three-year deadline in NRS 11.090(3)(a) does not apply.*

But I also cannot agree with the Purchaser that the Bank's equitable quiet-title claims are subject to the three-year statute of limitations in NRS 11.090(3)(a).[36] That statute governs actions "upon a liability created by statute, other than a penalty or forfeiture."[37] But the Bank's claims are not actions upon a liability created by statute; they are equitable actions to determine adverse interests in real property, as codified in NRS 40.010.[38] Section 40.010 does not create liability, and a party cannot impose liability upon another through that statute. Rather, the statute allows for a proceeding to determine adverse claims to property. Even if I interpret the Bank's quiet-title actions as claims under NRS 116.3116, they still do not seek to impose liability under that statute. So NRS 11.090(3)(a) does not apply.

---

[33] *Shadow Wood HOA*, 366 P.3d at 1110–11.
[34] ECF No. 60 at 21.
[35] *See Weeping Hollow,* 831 F.3d at 1114.
[36] *See* ECF No. 52 at 22.
[37] Nev. Rev. Stat. § 11.190(3)(a).
[38] *See supra* at pp. 4–5; *Shadow Wood HOA*, 366 P.3d at 1111 (recounting that "NRS 40.010 essentially codified the court's existing equity jurisprudence" (comma omitted)).

8

### 4. The Bank's equitable quiet-title claims are governed by the four-year statute of limitation in NRS 11.220.

With no squarely applicable limitation statute for the Bank's equitable quiet-title claims, I am left with the catch-all four-year deadline in NRS 11.220, which states that "[a]n action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued."[39] Because the foreclosure sale recorded on June 13, 2012,[40] and this action was filed more than four years later on January 6, 2017, the Bank's quiet-title claims are time barred.

### 5. The Bank's claims ripened at the time of the sale, not when SFR was decided.

In an effort to delay the trigger date for its claims, the Bank contends that the statute of limitations did not begin to run until the Nevada Supreme Court decided the *SFR* case in September of 2014 because lenders didn't know until then that such foreclosure sales extinguish deeds of trust.[41] But the notion that *SFR* announced a new rule was squarely rejected by the Nevada Supreme Court in *K&P Homes v. Christiana Trust* when it explained that the *SFR* decision "did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception. Therefore, that decision necessarily applies retroactively."[42]

Indeed, lenders were well aware long before *SFR* of the risk they were taking by letting HOA assessments mount against their security interests.[43] Because the *SFR* decision did not

---

[39] Nev. Rev. Stat. §11.220.

[40] ECF No. 48-10.

[41] *See* ECF No. 60 at 22.

[42] *K&P Homes v. Christiana Trust*, 398 P.3d 292, 295 (Nev. 2017).

[43] *See SFR*, 334 P.3d at 414 (noting that the banks could have easily avoided the effects of NRS 116.3116's lien-extinguishment feature by paying off the HOA liens "to avert loss of [their]

change or redefine the Bank's rights or obligations under Nevada's non-judicial foreclosure scheme, it was the foreclosure sale or the recording of that deed just days later—not the *SFR* decision—that started the Bank's litigation clock running.

### 6. *The timeliness analysis does not change because the Bank claims a constitutional violation.*

The Bank also argues that no statute of limitations applies to its claim that seeks declaratory relief based on the allegation that NRS 116.3116 violates due process, as the Ninth Circuit held in *Bourne Valley Court Trust v. Wells Fargo* in 2016.[44] The Ninth Circuit recognized last week in *Bank of America v. Arlington West Twilight HOA* that *Bourne Valley*'s due-process holding is no longer good law[45] because it was based on an interpretation of Nevada's statutory scheme that the Nevada Supreme Court has since expressly rejected.[46] So the continued viability of this constitutional theory is dubious.

But even if this claim still has legs after *Arlington West*, the notion that no statute of limitations applies to it is unsound. The Bank grounds this argument in the Nevada Supreme Court's decision in *City of Fernley v. Department of Tax*,[47] in which the Court held that

---

security" or by establishing "an escrow for [HOA] assessments to avoid having to use [their] own funds to pay delinquent dues"); *see also Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, 2016 WL 1298108, at *8 (D. Nev. Mar. 31, 2016) (proposing two more ways for a bank to avoid losing its lien interest by HOA foreclosure: "It could attend the statutorily-required public auction and purchase the property. Additionally, if the HOA or its agent refuses to provide the superpriority lien amount or to accept payment, the lienholder could sue for a declaration of the superpriority amount and to require the HOA to accept that amount in satisfaction of the superpriority lien.").

[44] *Bourne Valley Court Trust v. Wells Fargo Bank*, 832 F.3d 1154 (9th Cir. 2016).

[45] *Bank of Am. v. Arlington W. Twilight HOA*, __ F.3d __, 2019 WL 1461317, *3 (9th Cir. Apr. 3, 2019).

[46] *See SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248, 1250–53 (Nev. 2018).

[47] *City of Fernley v. Dept. of Tax*, 366 P.3d 699, 705 (Nev. 2016).

declaratory and injunctive relief claims were not time-barred because they sought to prevent future constitutional violations. But the Bank does not seek a declaration that future foreclosures cannot extinguish deeds of trust; it wants a declaration that the statute under which this foreclosure sale occurred in 2012—a statute that has since been amended—was unconstitutional at that time.[48] So *Fernley* does not support the Bank's argument that no limitation period applies to its due-process claim. And because the goal of this constitutional-theory claim remains the same as the Bank's other claims—to quiet title by invoking the court's inherent jurisdiction to settle title disputes, including equitably setting aside a foreclosure sale if circumstances so dictate[49]—it, too, is an equitable quiet-title claim subject to the four-year deadline in NRS 11.220.[50]

**C.     The Bank's unjust-enrichment claim is also time-barred.**

As its final claim, the bank alleges that the Purchaser was unjustly enriched by the foreclosure purchase.[51] Nevada's "statute of limitation for an unjust enrichment claim is four years."[52] The Bank missed that window by more than ten months, so its unjust-enrichment claim against the Purchasers is time-barred, too.

---

[48] *See* ECF 1 at 11, ¶ 90 ("On its face, NRS 116.3116 *et seq.*, prior to its amendment effective October 1, 2015, violated Plaintiff's constitutional rights to due process . . . and thus did not extinguish the Deed of Trust.").

[49] *Shadow Wood*, 366 P.3d at 1112.

[50] *See Bank of New York v. Southern Highlands Cmty. Ass'n*, 329 F. Supp.3d 1208, 1216, 1220 (D. Nev. 2018) ("BONY cannot resurrect an expired claim by repackaging it as one for declaratory relief.").

[51] *Id*. at 12.

[52] *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) (citing NRS 11.190(2)(c)).

11

## Conclusion

Because all of the Bank's claims were time-barred when they were filed, I grant summary judgment in favor of the defendants[53] and against the Bank on all of the Bank's claims, and I do not reach the parties' remaining arguments.

IT IS THEREFORE ORDERED that:

- The Bank of New York Mellon's Motion for Summary Judgment **[ECF No. 48] is DENIED, and**

- The 4655 Gracemont Avenue Trust's Countermotion for Summary Judgment **[ECF No. 52] is GRANTED in part and denied in part.**

- **The Bank of New York Mellon's claims are DISMISSED as time-barred,** and I do not reach the parties' remaining arguments with respect to those claims.

- However, because the parties did not separate out their arguments between the claims asserted by the Bank and those asserted by the Trust, I cannot tell what impact these arguments have on the Trust's counterclaim. Accordingly, by this order I make no ruling on the continued viability of the Trust's counterclaim. Instead, **I REOPEN the dispositive-motion deadline with respect to that remaining counterclaim only. The parties have until June 12, 2019, to file summary judgment motions on the Trust's counterclaim.**

Dated: April 12, 2019

                                                         U.S. District Judge Jennifer A. Dorsey

---

[53] Although the HOA did not move for summary judgment, the staleness of these claims at the time of their filing precludes them from proceeding against any defendant.