# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2006-OC11, Mortgage Passthrough Certificates, Series 2006-OC11,

Plaintiff

v.

4655 Gracemont Avenue Trust, et al.,

Defendants

Case No. 2:17-cv-00063-JAD-BNW

**Order Denying Motion to Alter or Amend Judgment and for Reconsideration**

[ECF Nos. 69, 71]

Earlier this year, I dismissed the Bank of New York Mellon's claims in this HOA-foreclosure action as time-barred. I found that the bank had an unjust-enrichment claim, and equitable quiet-title claims of the sort recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*, which derive from "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[1] Because Nevada law provides a four-year statutory period for unjust-enrichment claims and the bank filed its action more than four years after the foreclosure sale, I dismissed that claim as untimely. I rejected the bank's argument that its quiet-title claims are governed by five-year deadlines in Nevada Revised Statutes 11.070 or 11.080 and the purchaser's assertion that the three-year deadline in NRS 11.090(3)(a) applies, and finding no directly applicable limitations provision, I applied Nevada's

---

[1] *Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp*, 366 P.3d 1105, 1112 (Nev. 2016).

catch-all four-year deadline in NRS 11.220 and dismissed the bank's remaining claims as time-barred, too.

The bank now moves to alter, amend, or reconsider that ruling. It argues that the dismissal was clearly erroneous because its quiet-title claims are timely under the five-year limitation periods in NRS 11.070 and 11.080. Because the bank's motion is little more than a re-urging of points that I expressly rejected in my order and the bank has demonstrated no basis for relief, I deny the motion.

**Discussion**

The bank moves under Federal Rule of Civil Procedure 59(e) or 60(b) for reconsideration of the order dismissing its claims.[2] Rules 59 and 60(b) apply to final judgments,[3] so these provisions are not proper vehicles to challenge this court's dismissal order, which left pending the purchaser's counterclaim and did not direct the entry of judgment.[4] The district court's power to reconsider orders like this is found instead in its "inherent jurisdiction to modify, alter, or revoke" orders before they become final, or in FRCP 54(b), which specifies that orders adjudicating "fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment . . . ."[5] So I construe the bank's motion as one under these provisions and under Local Rule 59-1, which reiterates and further defines this court's inherent power to reconsider an interlocutory order.[6]

---

[2] ECF No. 69.

[3] *Wood v. Ryan*, 759 F.3d 1117, 1119 (9th Cir. 2014).

[4] *See* ECF No. 67 at 12.

[5] Fed. R. Civ. P. 54(b); *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) (discussing the court's inherent authority to reconsider non-final orders).

[6] *See* LR 59-1.

The bank contends that I erred in holding that its equitable quiet-title claims are governed by Nevada's four-year statute of limitations in NRS 11.220 instead of the five-year periods in NRS 11.070 and 11.080.[7] The bank made this same point in its previous briefing[8] and I specifically rejected it with a detailed analysis.[9] To further illustrate its point on reconsideration, the bank cites cases like *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank*,[10] *Weeping Hollow Avenue Trust v. Spencer*, and *Scott v. MERS*,[11] all of which I distinguished in my order.[12] Local Rule 59-1(b) notes that "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts" and that "[a] movant who repeats arguments will be subject to appropriate sanctions."[13] Because the bank's motion for reconsideration mainly revisits arguments that I expressly rejected, and I am not persuaded by this second bite at the apple, I stand by my previous analysis and conclusions.

As a second point of contention, the bank argues that "[t]his Court erroneously dismissed [its] quiet title and declaratory relief claims against the HOA, as *Bourne Valley*[ *v. Wells Fargo*] remains controlling authority."[14] In *Bourne Valley*,[15] a Ninth Circuit panel held that Nevada's HOA lien-foreclosure scheme was facially unconstitutional because it "contain[ed] an

---

[7] ECF No. 69 at 5–11.
[8] ECF No. 61 at 20–23.
[9] *See* ECF No. 67 at 5–8.
[10] *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank*, 388 P.3d 226 (Nev. 2017).
[11] *Scott v. Mortgage Elec. Reg. Sys.*, 605 Fed. App'x 598 (9th Cir. 2015).
[12] *See* ECF No. 67 at 7.
[13] LR 59-1(b).
[14] ECF No. 69 at 11.
[15] *Bourne Valley Court Trust v. Wells Fargo Bank*, 832 F.3d 1154 (9th Cir. 2016).

3

impermissible opt-in notice scheme."[16] Although the Ninth Circuit has since recognized that *Bourne Valley* is no longer good law and that the statutory notice scheme in place at the time of this foreclosure sale was constitutionally adequate,[17] the bank maintains that *Bourne Valley* remains controlling authority.

Even if that were true, it has no impact on my dismissal order because the viability of *Bourne Valley* did not factor into my analysis. In the underlying briefing, the bank advanced the alternative argument that its declaratory-relief claims cannot be time-barred because claims that seek to prevent future constitutional violations are not subject to statutes of limitations.[18] The bank's constitutional-violation theory was grounded in *Bourne Valley*'s holding, and I noted that the "continued viability of" that theory was "dubious" in light of subsequent Ninth Circuit cases.[19] But I held that "even if th[at constitutional-violation] claim still has legs . . ., the notion that no statute of limitations applies to it is unsound."[20] So, at most, my *Bourne Valley* mention was *obiter dictum*. Because it was inconsequential to my ruling, I decline the bank's invitation to further evaluate the status of *Bourne Valley*.

---

[16] *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) (citing *Bourne Valley*, 832 F.3d at 1156).

[17] *See id*. at 624 ("In light of [*SFR Investments Pool 1, LLC v. Bank of New York Mellon* ("*Star Hill*"), 422 P.3d 1248, 1253 (Nev. 2018)], *Bourne Valley* no longer controls the analysis, and we conclude that Nev. Rev. Stat. § 116.3116 et seq. is not facially unconstitutional on the basis of an impermissible opt-in notice scheme."); *Bank of Am., N.A. v. Soriano*, 2019 WL 4013350, at *1 (9th Cir. May 6, 2019) (order) ("This court recently held that the Nevada statutory scheme that grants a homeowners association a lien with super-priority status is no longer controlled by the analysis in *Bourne Valley* . . . in light of the Nevada Supreme Court's decision in [*Star Hill*]").

[18] *See* ECF No. 67 at 10–11.

[19] *Id*. at 10.

[20] *Id*.

**Conclusion**

IT IS THEREFORE ORDERED that the Motion to Alter or Amend Judgment and for Reconsideration Pursuant to Fed. R. Civ. P. 59 and 60 **[ECF Nos. 69, 71] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: November 19, 2019